**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**ROBERT CARDENA,**
**42920-424,**

    **Petitioner,**

      **vs.**

**U.S.A. and WARDEN WALTON,**

    **Respondents.**                    **Case No. 14-cv-00801-DRH**

**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, Chief Judge:**

Petitioner Robert Cardena, an inmate in the United States Penitentiary in Marion, Illinois ("Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241.   On September 4, 2013, prison authorities, acting on a tip, searched Cardena's cell and discovered two weapons hidden inside a modified pocket of a pair of his pants.   Cardena was charged and convicted of possession of a sharpened instrument.   As a result, Cardena lost 41 days of good conduct time credit.   In the petition now before this Court, Cardena seeks restoration of the 41 days of lost good conduct time credit.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."   Rule 1(b) of those Rules

gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that this petition does not survive review under Rule 4, and must be dismissed.

## Background

The facts pertinent to the Court's review of Cardena's petition are as follows: On September 4, 2013, prison authorities were notified of the possible presence of weapons in a cell shared by Cardena and his cellmate, Adam Alicea. (Doc. 1, p. 6). Authorities conducted a search and discovered two homemade weapons inside a modified pocket of a pair of pants bearing an iron-on sticker with Cardena's name and inmate number. *Id*. The pants were found hanging from the corner of a double bunk, considered a common area, in the cell. *Id*.

Cardena immediately denied ownership, as well as any knowledge of the weapons. *Id*. He insisted that he never wore the pants and knew nothing about the weapons hidden inside. *Id*. Instead, during the investigation and subsequent hearing, Cardena's cellmate, Alicea, claimed ownership of the knives. *Id*. at 11. In an affidavit filed with this petition, Alicea states, "these 'knives' were mine and my cell mate, Robert Cardena, had no knowledge of them at all." *Id*. at 14-15. Alicea further asserts, "I hid these weapons in an unused extra pair of pants that belonged to my cell mate, Robert Cardena. He never used these pants, and I never told him that I hid the knives inside of them." *Id*. at 15.

Despite Alicea's acceptance of full responsibility for the weapons, Alicea *and* Cardena were charged with possession of a sharpened instrument. *Id*. at 5-6.

Due to the seriousness of the charge and the potential loss of good conduct time, the incident was referred to a Disciplinary Hearing Officer ("DHO") for final disposition.

Following a hearing, the DHO found that Cardena had committed the prohibited act as charged based on "the greater weight of the evidence." *Id*. at 8. The DHO Report provided a thorough recitation of the events and the evidence relied upon. *Id*. at 7-9. Specifically, the DHO noted that the weapons were found in a common area of the cell inside pants marked with Cardena's name. According to institutional policy, inmates are responsible for any contraband found in their assigned areas, including common areas. This policy is outlined in a handbook on Inmate Rights and Responsibilities, which Cardena admitted receiving. *Id*. at 8.

On appeal to the regional administrative level, Cardena challenged the DHO's determination that Cardena had committed the prohibited act on the basis that Alicea had accepted full responsibility for the weapons. *Id*. at 16. In a response denying Cardena's appeal, the regional director noted,

> Statements from other inmates claiming sole possession may not be found credible because they are often coerced into taking responsibility. In order for the statement of another inmate to be credible, there must be corroborating evidence in conjunction with the admission. Although your cellmate testified that the weapons belonged to him, the weapons were found in your pants. In this case, there was no corroborating evidence to support the admission of your cellmate.

*Id*.  On February 19, 2014, Cardena filed a subsequent appeal with the central office, but had not received a "satisfactory"[1] response prior to filing the present petition.

## Analysis

In the present petition, Cardena maintains his "actual innocence" and challenges the sufficiency of the evidence in support of the DHO's determination that Cardena had committed the prohibited act as charged.  Cardena insists that since his punishment includes the loss of good conduct credits that "some evidence" should not be the applicable standard.  However, the Supreme Court and the Seventh Circuit have made it quite clear that this is, in fact, the legal standard to be applied in cases such as this.

With regards to the sufficiency of evidence, the Supreme Court has held that due process requires that the findings of the disciplinary tribunal be supported only by *some* evidence in the record.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).  In reviewing the sufficiency of the evidence, the Seventh Circuit has instructed that lower courts are to apply a lenient standard when determining "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (emphasis in original).  "Even 'meager' proof will suffice as long as 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.'" *See id*. (quoting *Hill,* 472 U.S. at 457).

---

[1] It is unclear whether the central office has yet to provide any response to Cardena's appeal.

The Court, therefore, must determine whether there is *any* evidence that could support the DHO's finding that Cardena violated Code 104, "possession of a sharpened instrument." 28 C.F.R. § 541.3, Table 1 (2011). The DHO's findings note that the weapons were found in a pair of pants bearing Cardena's name. Cardena does not dispute this fact. Even though Cardena's cellmate claimed ownership of the weapons, the DHO determined that Cardena was still responsible for the weapons based on Bureau of Prison ("BOP") policy, which provides that inmates are responsible for any contraband found in their personal belongings or within the common space of their cell. Based on the lenient standard set out by the Seventh Circuit, the location of the weapons – an undisputed fact – supports the conclusion of guilt reached by the DHO. *See Giles v. H*anks, 72 F. App'x 432, 434 (7th Cir.2003) (Even where one inmate claims ownership of contraband, "two individuals may exercise joint possession.") Because Cardena was found guilty of the offense by "some evidence," he has failed to show that the process he received before losing good time credit was constitutionally inadequate. For this reason, this petition is dismissed with prejudice.

## Disposition

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to

present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  It is not necessary for petitioner to obtain a certificate of appealability.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 8, 2014**

Digitally signed by David R. Herndon
Date: 2014.08.08 13:15:10 -05'00'

Chief Judge
United States District Court